# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:19CR230 |
| Plaintiff, | : | |
| | : | JUDGE JAMES S. GWIN |
| vs. | : | |
| JOSHUA WALKER, | : | **DEFENDANT'S MOTION IN LIMINE** |
| Defendant. | : | |

Defendant Joshua Walker, through counsel, respectfully requests this Court prevent the government from impeaching Mr. Walker with the details of his prior convictions, pursuant to Evidence Rule 609(a), in the event he testifies at trial. Further, the Defendant requests this Honorable Court to prevent the Government from stating or introducing any evidence of the death of Mr. Aaron Mason, pursuant to Evidence Rules 401 and 403 as it is not relevant to the crime charged and it would be highly prejudicial and potentially inflame the passion and/or sympathy of the jury. A memorandum in support is attached.

    Respectfully submitted,

    /s/ Timothy J. Kucharski
    Timothy J. Kucharski [0062226]
    1200 West 3rd Street
    First Floor, Suite #190
    Cleveland, Ohio 44113
    Tel. 216.857.3001 / 216.623.6600
    Fax 216.574-9813
    TimKuch@aol.com
    Attorney for Defendant

# MEMORANDUM

Mr. Walker may testify at the upcoming trial. If he elects to testify, he will admit that he has a prior felony conviction. He requests, however, this Court exercise its discretion and prevent the government from revealing to the jury the nature of his prior felony convictions as doing so will be unduly prejudicial under Evidence Rule 403. Specifically, Mr. Walker requests that his conviction for possession with intent to distribute not be specifically referred to if Mr. Walker testifies.

Generally, the government may attack a defendant's character for truthfulness by introducing evidence of a criminal conviction if:

(1) the crime was punishable by imprisonment for more than a year and the court determines the probative value of admitting this evidence outweighs its prejudicial effect to the accused; or

(2) the court can readily determine that establishing the elements of the crime required proving a dishonest act or false statement.

Federal Rule of Evidence 609(a).

Mr. Walker's prior conviction is not a crime of dishonesty or false statements. Possession with intent to distribute is not a crime of dishonesty or false statement and not admissible under subsection (2), because this offense does not require proof of a dishonest act or false statement, Mr. Walker's prior conviction is not admissible under Fed. R. Evid. 609(a)(1)(B).

Regarding subsection (1), the fact that Mr. Walker has a prior felony conviction is itself admissible, a fact he will stipulate to for trial. However, evidence of the specific nature and charge of the conviction is only admissible if the "probative value of admitting this evidence outweighs its prejudicial effect." Fed. Evid. R. 609(a)(1)(B). This Court has "broad discretion" to determine

whether the actual charge of conviction shall be admitted to the jury. United States v. Morrow, 977 F.2d 222, 228 (6th Cir. 1992) (citing United States v. Ortiz, 553 F.2d 782, 784 (2d Cir. 1977)).

Mr. Walker requests this Court use its discretion and prevent the government from introducing any evidence of Mr. Walker's specific charge of his prior conviction. Mr. Walker will stipulate that he has a prior felony conviction, and, if he testifies, will admit he has this felony conviction. The only probative value of his prior convictions is that Mr. Walker has a felony record, which is not in dispute. The fact that his prior felony includes possession with intent to distribute will, however, only serve to prejudice Mr. Walker.

Further, the Defendant seeks to prevent the Government from introducing any evidence Mr. Aaron Mason died or died as a result of the alleged acts of the Defendant. The Defendant is charged with being a felon in possession of ammunition in violation of 18 U.S.C. 922(g)(1) and 924(a)(2). The elements of that offense do not reference or require any evidence of actual harm being done to any individual. In fact, it is anticipated the Government will attempt to prove its case and suggest to the jury Mr. Walker possessed the gun prior to Mr. Mason unleashing a violent unprovoked attack and assault upon Mr. Walker. Therefore, the only reason the Government would seek to introduce such evidence would be to cause unfair prejudice to Mr. Walker or to stir sympathy towards Mr. Mason in an attempt to convict Mr. Walker. Considering there is no probative value or relevancy at all to the fact Mr. Mason died Fed. Evid. R. 401 and 403 require this Court prohibit the Government from mentioning or introducing any evidence of this fact.

Mr. Walker moves, in limine, for this Court to prevent the government from presenting evidence of the specific charge of conviction in his criminal history in the event he testifies at trial and any evidence regarding the death of Mr. Aaron Mason.

Respectfully submitted,

/s/ Timothy J. Kucharski
Timothy J. Kucharski [0062226]
1200 West 3rd Street
First Floor, Suite #190
Cleveland, Ohio 44113
Tel. 216.857.3001 / 216.623.6600
Fax 216.574-9813
Attorney for Defendant

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 2nd, 2018, a copy of the foregoing Motion was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

*s/ Timothy J. Kucharski*
Timothy J. Kucharski [0062226]
1200 West 3rd Street
First Floor, Suite #190
Cleveland, Ohio 44113
Tel. 216.857.3001 / 216.623.6600
Fax 216.574-9813
Attorney for Defendant