IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:19CR230 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | |
| JOSHUA WALKER, | ) | BRIEF IN OPPOSITION TO |
| | ) | DEFENDANT'S PROPOSED JURY |
| Defendant. | ) | INSTRUCTIONS REGARDING |
| | ) | NECESSITY, DURESS, AND SELF |
| | ) | DEFENSE |

Now comes the United States of America, by and through its attorneys, Justin E. Herdman, United States Attorney, and John C. Hanley, Assistant United States Attorney, and hereby objects to Defendant's Request for Jury Instructions of necessity, duress, and self-defense for the reasons set forth in the attached brief.

Respectfully submitted,

JUSTIN E. HERDMAN
United States Attorney

By: /s/ John C. Hanley
John C. Hanley (OH: 0079910)
Assistant United States Attorney
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3807
(216) 522-7358 (facsimile)
John.Hanley2@usdoj.gov

**BRIEF**

**Admissibility of Justification, Duress, or Necessity as a Defense for Possession of a Firearm of a Convicted Felon**

A defendant charged with being a felon-in-possession of a firearm may assert the necessity defense. *United States v. Singleton,* 902 F.2d 471, 472 (6th Cir.1990) (explaining that even though the statute under which the defendant is charged does not provide an affirmative defense of justification, the defense still exists under common law). When the issue arises in a pre-trial motion, as opposed to a court's refusal to give an accurate jury instruction, the rule is the same: the defendant must proffer evidence that is legally sufficient to support the defense. United States v. Johnson, 416 F.3d. 464 at 468.

Only in rare situations is a defendant entitled to a justification defense for possessing a firearm as a convicted felon. United States v. Singleton, 902 F.2d 471, 472 (6th Cir. 1990), citing United States v. Gant, 691 F.2d 1159 (5th Cir.1982); United States v. Agard, 605 F.2d 665 (2d Cir. 1979). It is a defense that courts construe "very narrowly." Singleton, 902 F.2d at 472. In analyzing whether a defendant is entitled to that defense, a court will interpret accept the defendant's version of events. Id. In order to be entitled to a justification defense a defendant must show:

> (1) Defendant was under an unlawful and present, imminent, and impending threat of such a nature as to induce a well-grounded apprehension of death or serious bodily injury;
>
> (2) Defendant had not recklessly or negligently placed himself in a situation in which it was probable that he would be forced to choose the criminal conduct;
>
> (3) Defendant had no reasonable, legal alternative to violating the law, a chance both to refuse to do the criminal act and also to avoid the threatened harm;
>
> (4) A direct causal relationship may be reasonably anticipated between the criminal action taken and the avoidance of the threatened harm; and

    (5)  Defendant did not maintain the illegal conduct any longer than absolutely necessary.

United States v. Hopkins, 151 F. App'x 448, 453–54 (6th Cir. 2005), citing Singleton, 902 F.2d at 472-73.

    As a matter of law, a defendant will not be entitled to jury instructions should they fail to meet any one of these elements. United States v. Moore, 733 F.3d 171, 174 (6th Cir. 2013). At the center of this analysis is whether or not the defendant had "no alternative-either before or during the event to avoid violating the law." Singleton, 902 F.2d at 473.

    **1. ABSENCE OF AN UNLAWFUL, AND PRESENT, IMMINENT, AND IMPENDING THREAT OF SUCH A NATURE TO INDUCE A WELL-GROUNDED APPREHENSION OF DEATH OR SERIOUS BODILY HARM**

    In United States v. Hargrove, the defendant claimed he carried a firearm for the purpose of self-protection after getting robbed and because he was threatened by an unknown man, even though it is undisputed that the unknown man never followed him nor was there any suggestion that the man possessed a weapon of any kind. United States v. Hargrove, 416 F.3d 486 (6th Cir. 2005). The court held that such circumstances "fall short of constituting a "present, imminent, and impending [threat] of such a nature" because the defendant could only support his claim with "speculation and conjecture" that did not reveal any immediate threat to himself, and thus fails to first prong of the *Singleton* test. (quoting Singleton, 902 F.2d at 472)." In United States v. Baze, the defendant claimed that he purchased a rifle due to ongoing, allegedly dangerous, family feud that has continued for more than several months. *United States v. Baze*, 1994 U.S App. LEXIS 20331 (6th Cir. 1994). The court held that "these were *not* the kind of immediate and imminent threats contemplated by Singleton," and, thus, the defendant was not entitled to a jury instruction on the justification defense. *Id.* at 13 (emphasis original). *See also* United States v. Eaton, 1993

3

U.S. App. LEXIS 2659 (6th Cir. 1993) (purchase of a firearm due to a threat that occurred months before arrest does not satisfy the first requirement of the *Singleton* test.).

The United States will introduce evidence that prior to the altercation, the Defendant had been seated at the bar for a period of time.  The United States will also introduce evidence that Aaron Mason did approach the Defendant and threw a series of punches at the Defendant.  During the altercation, Defendant fired approximately three shots and killed Aaron Mason.  Defendant then fled the scene and the firearm has never been recovered.  Defendant decided to carry a loaded firearm before he entered the bar and he maintained possession of the firearm in the bar the entire time prior to the altercation.  To satisfy the first prong of the Singleton test, Defendant bears the burden to establish that if there were an imminent threat, that it existed the moment he decided to carry a loaded firearm.

**2. DEFENDANT RECKLESSLY PLACED HIMSELF IN THE SITUATION, AND**
**3. DEFENDANT HAD A REASONABLE LEGAL ALTERNATIVE TO VIOLATING THE LAW**

In United States v. Turner, the defendant broke into his ex-girlfriends' house in the middle of the night and refused to leave when asked. United States v. Turner, 1993 U.S. App. LEXIS 20617 (6th Cir. 2993). The defendant assaulted his ex-girlfriend and fired her gun while not aiming at her; the court held that while the defendant may have satisfied the first prong because "he feared that [his ex-girlfriend] would discharge the gun…defendant recklessly or negligent placed himself in a situation in which there was a probability he would be forced to choose the criminal conduct." *Id*. at 5.

Likewise, in United States v. Kemp, the defendant recommended his friend, Pigg, to obtain a gun and bring it with her on a trip, where he reasonably knew that she would be drinking. Later, the defendant took the gun from Pigg and put it in his pocket because he

4

"thought Pigg was too intoxicated to be trusted near her gun." Kemp, 546 F.3d at 766 (6th Cir. 2012). The court found that, not only did the defendant recklessly or negligently placed himself in the situation, he created the situation by encouraging Pigg to purchase a firearm.

As for the third prong, the Sixth Circuit has stated that the defendant has to show that he had "no alternative, either before or during the event, to avoid violating the law." Singleton, 902 F.2d at 473 (emphasis added). One of the primary alternative methods acknowledged by the court is to leave the premises. In United States v. Garner, Garner, the defendant, visited his ex-wife's home and took her firearm. Weeks later, he got into an altercation with his brother and the defendant was arrested by police with the firearm in possession. *United States v. Garner*, 1996 U.S. App. LEXIS 32893 (6th Cir. 1996). The court refused to give jury instructions on defense because "defendant's decision to remain at the premises failed to satisfy the second or third elements of the necessity defense [because] the jury could have found that Garner "recklessly or negligently placed himself in a situation in which it was probable that he would be [forced to choose criminal conduct," or that Garner had a "reasonable legal alternative to violating the law." *Id.* at 5. Likewise, where a defendant "[chooses] to arm himself" when he "could have chosen to leave [the premises,]" the Sixth Circuit held that the defendant did not satisfy the third element because "[the defendant] could have avoided the threat by removing himself from the alleged danger." United States v. Sloan, 401 Fed. Appx. 66, 69-70 (6th Cir. 2010).

Defendant brought a loaded firearm into a bar where alcohol is served. Defendant chose to remain in the bar after seeing Aaron Mason. The bar surveillance shows Defendant and Mason exchange words from across the bar. Though Defendant was seated in close proximity to the exit, he recklessly and negligently remained in the bar while possessing a loaded firearm where it would be probable he would choose criminal conduct.

### 4. THERE IS NO DIRECT CAUSAL RELATIONSHIP BETWEEN THE CRIMINAL ACTION AND THE AVOIDANCE OF THE THREATENED HARM.

In United States v. Langhorn, the court stated that, in the context of the fourth prong, "the paradigmatic justification case involves a felon who takes a firearm from someone threatening to do harm to the felon or to a third party," and "disarming the gunman…c[an] reasonably be expected to avoid having the gunman shoot someone." 473 Fed. Appx. at 441 (citing United States v. Newcomb, 6F.3d1129 (6th Cir. 1993)

At trial, The United States intends to introduce video footage from multiple angles within the bar where the shooting took place. To succeed on the fourth prong, Defendant will be required to establish that he disarmed the deceased and used the firearm to neutralize the threat from the deceased. None of the angles of available video footage show the Defendant disarming the deceased, nor do they show the deceased in possession of a firearm at any point. Indeed, the United States is unaware of any witness who would truthfully testify that the deceased possessed a firearm or that Defendant disarmed the deceased and used the deceased's firearm.

### 5. DEFENDANT MAINTAINED POSSESSION FOR A LONGER PERIOD OF TIME THAN WAS ABSOLUTELY NECESSARY TO AVOID THE THREAT.

A defendant is still in unlawful possession of a firearm even where it remains in his vehicle when he does not immediately hand it over to responding officers. Moore, 733 F.3d 172-74. See also United States v. Kemp, 546 F.3d 759, 766 (6th Cir. 2008) (defendant not entitled to justification instruction because he kept possession "until the police stopped his vehicle and took the gun away."). In Moore, the defendant – contradicting three witnesses and with only one supporting witness – alleged that he had a pistol drawn on him in a strip-club parking lot. The

6

defendant attempted to grab the gun, a tussle ensued, and the defendant shot the gun's owner. Gun in hand, the defendant fled the scene in a car with three other occupants. The car was pulled over by law enforcement a short time afterwards. The defendant did not tell officer about the gun. Law enforcement only found the weapon in the car after a search. This circuit ruled that the defendant failed to prove the fifth prong because he had kept the weapon for longer than necessary: "If a police officer happens to find the defendant first, the defendant must hand the firearm over to the officer, as the officer's presence gives the defendant an immediate chance to give up possession." Id., citing United States v. Ridner, 512 F.3d 846, 851–52 (6th Cir. 2008). A defendant who does not take advantage of that opportunity "maintains possession for longer than absolutely necessary." Moore, 733 F.3d at 174, citing Singleton, 902 F.2d at 473 (internal quotations omitted). The court went on to specify some of the ways he could've gotten rid of the firearm: leave the gun at the scene, give the gun to someone else, or surrender it to the police. Id at 174. Subsequently, this circuit ruled that the district did not err when it refused to give the jury instructions on justification as a defense. Moore, 733 F.3d at 175. *See also* United States v. Kemp (where the defendant took the gun from an intoxicated friend, the court found that the defendant held on to the gun "much longer than necessary" and "kept it in his pocket until the police stopped his vehicle and took the gun away"); United States v. Ridner, 512 F.3d 846 (6th Cir. 2008) (the court found that the defendant, who took the ammunition from his brother in fear of his commission of suicide and attempted to escape from the police for a quarter of a mile, failed to show that he did not maintain the illegal conduct any longer than absolutely necessary).

   Defendant shot Aaron Mason on or about October 25, 2017. More than a year and a half later, the firearm Defendant used to shoot Aaron Mason has not been recovered. At trial, the United States will introduce video evidence that shows Defendant running away following the shooting, while pointing the firearm in the direction of Aaron Mason. Assuming *arguendo* that Defendant

acted reasonably under the circumstances and met his burden under the first four Singleton prongs, Defendant possessed the loaded firearm and ammunition far longer than was absolutely necessary.

In conclusion, for the reasons stated above, the United States hereby objects to Defendant's proposed inclusion of jury instructions for necessity, duress, and self-defense.

CERTIFICATE OF SERVICE

    I hereby certify that on this 3rd day of June 2019 a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

                                                    /s/ John C. Hanley  
                                                    John C. Hanley  
                                                    Assistant U.S. Attorney