IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:19CR230 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | |
| JOSHUA WALKER, | ) | JOINT PROPOSED VOIR DIRE |
| | ) | |
| Defendant. | ) | |

The United States of America, by and through its counsel, Justin E. Herdman, United States Attorney, and John C. Hanley, Assistant United States Attorney, and Timothy J. Kucharski, Counsel for Defendant, respectfully submit the following joint proposed voir dire questions in accordance with this Court's Trial Order.

Respectfully submitted,

JUSTIN E. HERDMAN
United States Attorney

By: s/*John Hanley*
John C. Hanley (OH: 0079910)
Assistant United States Attorney
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3807
(216) 522-7358 (facsimile)
John.Hanley2@usdoj.gov

and

By: s/ *Timothy J. Kucharski*
Timothy J. Kucharski (OH: 0062226)
1200 West 3rd Street
First Floor, Suite #190
Cleveland, Ohio 44113
(216) 623-6600 / (216) 857-3001

# PROPOSED VOIR DIRE QUESTIONS

A. Personal Background Questions

1. Where have you resided during the past ten years? Please specify the state, county, and city/township/village of residence over this period.

2. What is your marital status?

3. Do you have children? If so, please describe the age and gender of each child. Please indicate where your children reside, and describe any employment held by them, their spouses and any grandchildren you have.

4. Please tell us about your educational background, and the educational background of your spouse.

5. Please tell us about your employment history, and your spouse's employment history.

6. Did you serve in the military? If so, did you enlist or were you drafted? What rank did you attain by the end of your military service? Have you ever sat on, or had any involvement in, a military court-martial?

7. Do you belong to any clubs, associations, or civic groups, or do you engage in any substantial volunteer activity? Please list any such organizations and describe the level of your involvement (i.e. volunteer, member, officer or board member, etc.).

8. Do you have any disabilities (visual, hearing, bad back) that would interfere with your ability to serve as a juror?

9. Do you have any physical problems which would make it difficult for you to sit for extended periods of time?

10. Do you have any hearing difficulty that would make it difficult for you to listen to witnesses?

11. Does any member of your immediate family have any medical or personal problems of such nature that it would interfere with your ability to serve as a juror in this case?

12. Do you have any philosophical, moral or religious convictions that would make it difficult to sit in judgment of another person?

13. Will you wait until all the evidence has been presented and the Court has instructed you on the applicable law before reaching any conclusion concerning the guilt or innocence of the defendants?

14. Will you be able to render a decision as to guilt or innocence without regard to any sympathy, pity or other feelings you may have, either for or against the defendants?

15. Will the fact that the defendant is African American affect your decision in this case?

16. Do you think any racial groups have a propensity to commit crimes?

17. Do you know any other reason why you cannot serve impartially in this case? Our duty here is to do justice both to the United States, which has a vital interest in having its laws enforced, and the defendants, who have a vital interest in seeing that you follow the law.

18. Does anyone need to talk to us at the sidebar about any issue we may have talked about today?

B. Questions to Elicit Possible Bias

In the event of positive or affirmative responses to the following questions, the juror should be asked if the circumstances are such as to impair his or her ability to serve impartially in this case.

19. Do you or any relatives or close friends know the defendant, Joshua Walker, or any members of the defendants' family?

20. Do you or any relatives or close friends know any of the participants in the trial:

    a. Judge James S. Gwin, or any member of Judge Gwin's staff, including Courtroom Deputy Clerk, law clerks or judicial assistant(s);
    b. Timothy J. Kucharski, counsel for Defendant Walker, or any other personnel employed by or associated with him;
    c. John Hanley, or any other attorneys or support personnel employed by or associated with the United States Attorney's Office;
    d. Special Agent Gerrod Briggs, or any other agents or support personnel of the Bureau of Alcohol, Tobacco, Firearms and Explosives;
    e. Cleveland Police Department Detective Lynch or any other police officers or support personnel of the Cleveland Police Department;
    f. Cleveland Police Department Detective Hutchinson or any other police officers or support personnel of the Cleveland Police Department;
    g. Tom Ciula, Cleveland Police Department
    h. James Koozer, Cuyahoga County Regional Crime Laboratory
    i. Gary Stein, Investigator with the Cuyahoga County Prosecutor's Office
    j. Shannon Mesko
    k. Phillip Schwartz
    l. Candace Taylor
    m. [Additional Witnesses to be provided to the Court]

21. Have you ever been a juror in a civil or criminal case? If so, please describe the type of case, time and place of the trial, whether you were foreperson, and whether you had participated in a deliberations resulting in a jury verdict. Would your service on that previous case make it difficult for you to be a juror in this case?

22. Have you ever served on a grand jury? Federal or state? Would your service on that previous Grand Jury make it difficult for you to be a juror in this case?

23. Have you or any relatives or close friends ever been investigated, arrested, charged, or convicted in any criminal case, except minor traffic offenses? (A minor traffic offense is an offense not involving death or the use of alcohol.) If so, please provide details concerning nature of charges and the final resolution of the charges. (Allow to approach the bench if necessary). Were you satisfied with law enforcement's handling of the matter? Were you satisfied with the way the judicial system handled the matter? Do you believe that you, your relative or close friend were treated fairly?

24. Have you ever had an unpleasant experience with law enforcement officers? If so, would you please explain that experience (Allow to approach to bench if necessary). Would this experience cause you to favor either the government or the defendants in this case?

25. You may hear testimony in this case from law enforcement officers and government employees: Specifically, Agents with the Bureau of Alcohol, Tobacco, Firearms and Explosives, Cleveland Police Department, and other law enforcement agencies. Would any of you judge the credibility of law enforcement officers by different standards than you would judge the credibility of other witnesses?

26. Do you have any beliefs about, experience with, or opinion regarding any law enforcement agencies, or law enforcement officials in general, that would make it in any way difficult for you to be a fair and impartial juror in this case?

27. Would you be unable to return a verdict of guilty in a trial with testimony from individuals from any of these agencies?

28. Have you or any relatives or close friends ever been a victim of a crime? If so, please provide details. (Allow to approach the bench if necessary.) Were you satisfied with law enforcement's handling of the matter? Were you satisfied with the way the judicial system handled the matter?

29. Have you ever been a witness to a crime? If so please provide details.

30. Have you ever been a party to a lawsuit or have you ever been a witness in a trial, grand jury, or other legal proceeding? Is there anything about that experience that resulted in you having any strong views regarding the legal system, lawyers or the Courts.

31. Have you or any of your relatives or close friends ever been employed by any prosecutor's office, law enforcement agency, or other governmental agency, whether at the federal, state or local level? If so, please provide details. Do you think you could be fair and impartial? For example, would it be difficult for you to tell a police officer relative that you voted to acquit in a criminal case?

32. Have you or any of your relatives or close friends been employed by anyone involved in criminal defense work, such as private defense attorneys, public defenders, private investigators, or jury consultants? If so, please provide details.

33. Have you or any of your relatives or close friends ever had any dispute with the United States government or any agency of the United States government, such as filing a claim

against the government, having a claim filed against you by the government, or having a penalty assessed against you? If so, please provide details.

34. Do you now, or have you ever had a bumper sticker on your vehicle? If so, what was the saying on the bumper sticker?

35. Have you, any family members or close friends ever been denied any type of permit or license by any agency of the United States government? If so, please provide details.

36. What is the first thing that comes to mind when you think of: (a) prosecuting attorney; and (b) defense attorney?

37. Have you, any family members or close friends ever belonged to any militia or paramilitary organizations or groups? If so, please provide details.

38. Do you know anything about the defendants in this case or anything about the subject matter of this trial? If so, please provide details.

39. The government has charged the defendant with crimes in an indictment. Do any of you think that she must be guilty, or is probably guilty, or might be guilty, because the government has charged her with crimes?

40. Every defendant in every case is presumed innocent. Do any of you, for any reason, think that you would have difficulty presuming that the defendant is innocent? Are any of you having any difficult viewing the defendant as innocent?

41. This is a criminal case in which the defendant, Joshua Walker, is charged with being a felon in possession of ammunition. Having heard the nature of the charge that has been filed against the defendant, is there anything about the nature of that charges that would make it impossible for you to serve as a fair and impartial juror in this case?

42. Do you watch crime-scene evidence shows, such as CSI?

43. Do you believe that, in order to vote for a conviction, the government must always present all forms of forensic evidence, such as DNA or fingerprint testing?

44. Do you or your spouse currently own, or have in the past owned a firearm?

45. Do you or your spouse have any significant training in firearms?

46. Do you or your spouse belong to any clubs, groups, or associations which advocate the possession of firearms, or in reducing the regulations prescribed by law in purchasing or possessing firearms?

47. Do you have any reservations about the prosecution of a person accused of interference with commerce by robbery, and brandishing a firearm during and in relation to a crime of violence? If so, please provide details.

48. If selected to serve as a juror in this case, is there any reason you could not be fair to the United States, or to the defendants, because the case involves interference with commerce by robbery, and brandishing a firearm during and in relation to a crime of violence? If so, please provide details.

49. Will you confine your deliberations in this case to the evidence presented in this courtroom?

50. Do you, any member of your family or any close business or social associate hold any personal belief, conviction or prejudice against the criminal laws of the United States such that you could not sit as a fair and impartial juror in this case?

51. Do you believe that this country's laws regarding firearms are in any manner unfair or unconstitutional? Do you believe that they should not be enforced?

52. Is there any member of the jury panel who has such strong personal or philosophical feelings against this country's firearms laws that he or she could not be a fair and impartial juror?

53. Will you apply this Court's instructions of law and not substitute your own ideas or notions about what the law ought to be?

54. It is the government's burden to prove that a defendant is guilty beyond a reasonable doubt, and if you have a reasonable doubt about an element of a crime charged, you must find the defendant not guilty of that charge. Do any of you anticipate having difficulty following this instruction?

55. The government has the burden in a criminal case, and the defendant do not have to testify or produce any evidence. You may not hold it against the defendant if she does not testify, and you may not hold it against the defendant if she and her attorney do not produce any evidence or try to prove to you that she is innocent. Do any of you anticipate that you might hold it against her if she doesn't testify or produce evidence?

56. Will you wait until all the evidence has been presented and the Court has instructed you upon the applicable law before reaching any conclusion concerning the guilt or innocence of the defendant?

57. Will you be able to render a decision as to guilt or innocence without regard to any sympathy, pity, or other feelings you may have, for or against the defendant?

58. Would any of you prefer not to sit as a juror in a criminal case?

59. Do any of you know of any reason why you cannot make a fair and impartial decision in this case?

60. Do you know any other reason why you cannot serve fair and impartially in this case? If so, please provide details.

61. Is there anything else about you that you believe that the parties should know about you? If so, please provide details.

CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of June 2019 a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

/s/ John Hanley
John C. Hanley
Assistant U.S. Attorney