IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:19CR230 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | |
| JOSHUA WALKER, | ) | RESPONSE TO DEFENDANT'S MOTION |
| | ) | IN LIMINE |
| Defendant. | ) | |

Now comes the United States of America, by and through its counsel, Justin E. Herdman, United States Attorney, and John C. Hanley, Assistant United States Attorney, and hereby responds in opposition to Defendant JOSHUA WALKER'S ("Walker") Motion in Limine. (R. 11: Motion in Limine). For the following reasons, the Court should deny WALKER'S motion.

Respectfully submitted,

JUSTIN E. HERDMAN
United States Attorney

By: /s/ John C. Hanley
John C. Hanley (OH: 0079910)
Assistant United States Attorney
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3807
(216) 522-7358 (facsimile)
John.Hanley2@usdoj.gov

**IMPEACHMENT UNDER RULE 609**

When a defendant who has been charged as a felon in possession of a firearm offers to stipulate to the existence of an earlier felony conviction, the Government typically cannot adduce proof of the nature of that conviction in order to establish the status element of the felon-in-possession offense. *See United States v. Tavares,* 21 F.3d 1 (1st Cir.1994). However, this general practice does not apply if the nature of the conviction is relevant for another purpose, such as impeachment. *Id.* Federal Rule of Evidence 609(a) provides that when a defendant testifies in a criminal case, evidence of his conviction for a crime "punishable by death or imprisonment in excess of one year" shall be admissible to impeach his credibility "if the court determines that the probative value of admitting the evidence outweighs its prejudicial effect to the accused." United States v. Motley, 2004 WL 719736 *(6th Cir. 2004)*

On Monday June 3, 2019, the United States submitted a proposed stipulation to Defendant in which The United States and Defendant would agree that Defendant had been convicted of a crime punishable by more than one year. The proposed stipulation did not reflect the name of the crime making up the basis of Defendant's conviction, the details of the offense, nor the length of his sentence. Indeed, the United States is prohibited from delving any further into the above to prove the existence of Defendant's conviction in our case in chief. However, Defendant requests this Honorable Court to prevent the United States from introducing evidence of Defendant's specific charges even if Defendant testifies. In the event the Defendant decides to testify, the United States should be permitted to cross-examine Defendant for the purpose of attacking his character for truthfulness through evidence that he has been convicted of a felony. This evidence "shall be admitted if the court determines that the probative value of admitting this

evidence outweighs its prejudicial effect to the accused." United States v. Kemp, 546 F.3d 759 (6th Cir. (2008).

## THE DEATH OF MR. MASON

In the case in chief, the United States will not call any medical examiner to testify, nor will we introduce any autopsy report or autopsy photographs. However, The United States does intend to elicit facts and testimony which reveal that a homicide did occur on October 25, 2017, in order to explain how the events unfolded and why police responded on that evening. This is necessary for the jury to fully understand the facts of the case. A district court may admit uncharged background evidence as long as it is "inextricably intertwined" with the underlying offense. United States v. Hardy, 228 F.3d 745, 748 (6th Cir. 2000). These intrinsic acts are part of a single criminal episode, meaning they have a causal temporal or spatial connection with the uncharged offense. United States v. Barnes, 49 F.3d 1144 (6th Cir. 1995). See also Hardy, 228F.3d 745. Courts may admit evidence using this theory if it (1) "is a prelude to the charged offense"; (2) "is directly probative of the charged offense"; (3) "arises from the same events as the charged offense"; (4) "forms an integral part of a witness's testimony"; or (5) "completes the story of the charged offense." Id.

Though the charges in this case represent a single allegation that Defendant possessed ammunition following a conviction for a crime punishable by more than one year, the shooting and subsequent death of Mr. Mason provide the framework and explanation of how Defendant possessed the ammunition in question. Had Defendant not fired three (3) shots on or about October 25, 2017, thereby ejecting three (3) shell casings, this charge, to the extent it occurred on or about the date in question not have been possible. As a result of the shooting, Cleveland Police responded to the scene near West 116th and Lorain and recovered the three (3) shell

casings. In United States v. Gibbs, the Sixth Circuit held that testimony of a burglary investigation was admissible in a felon in possession case to show how the investigation led to the defendant. 506 F.3d 479, 484 (6th Cir. 2007).

In conclusion, should Defendant choose to testify, the United States will be permitted to cross examine and impeach him based on his prior conviction pursuant to Rule 609. Furthermore, the death of Mr. Mason is both a prelude to the charged offense, is directly probative of it, arises from the same vents, forms an integral portion of multiple witnesses' testimonies, and it completes the story. Therefore, the United States moves this Honorable Court to overrule Defendant's motion in limine.

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of June 2019 a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

/s/ John C. Hanley
John C. Hanley
Assistant U.S. Attorney